UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alex H., | File No. 26-CV-1255 (JMB/DTS) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; | **ORDER** |
| Respondents. | |

John Hayden, Quantum Lex PA, Minneapolis, MN, for Alex H.

David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Alex H.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood (together, Respondents) are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1. Alex H. is a citizen of Nicaragua who has lived in the United States since October 2022. (Pet. ¶ 12.)

2. Alex H. has a pending asylum application and is scheduled for his initial court appearance in July 2026. (*Id.* ¶ 13.) After surrendering to immigration officials in October 2022, he was released on humanitarian parole. (*Id.*) He does not have a final order of removal, and he has remained in full compliance with all reporting obligations. (*Id.*)

3. On January 13, 2026, Immigration and Customs Enforcement (ICE) detained Alex H. in Minnesota. (*Id.* ¶ 14.) There was no warrant for this arrest. (*Id.*)

4. Alex H. filed his Petition on February 9, 2026. (Pet.) He asks the Court to immediately release him from custody or, in the alternative, to hold a prompt bond hearing to determine whether he should remain in custody. (*Id.* at 13–14.)[3]

5. On February 9, 2026, the Court ordered Respondents to respond to the Petition by February 11, 2026, at 11:00 a.m. CT "certifying the true cause and proper duration of Petitioner's confinement and showing cause as to why the writ should not be

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g., Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

[3] The Court concludes that any transfer of Alex H. outside of Minnesota after the Court's February 9, 2026 Order would violate the Court's order. (*See* Doc. No. 6.)

granted in this case," including providing any supporting documentation that may be needed to establish the lawfulness of Alex H.'s arrest and addressing whether "the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Doc. No. 6.)

## DISCUSSION

Respondents argue that this case belongs in Texas, rather than in Minnesota. (Doc. No. 11.)  Respondents also generally oppose the Petition, explaining that it "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and that Respondents have appealed one such petition (*see Avila v. Bondi*, No. 25-3248 (8th Cir.)). (Doc. No. 11.)  Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition. (*Id.*)  In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Alex H. is mandatory pursuant to 8 U.S.C. § 1225(b).  As this Court has previously concluded, however, Respondents' interpretation lacks merit.

Furthermore, Respondents do not present any argument concerning their failure to comply with a statutory requirement that they obtain a warrant prior to arresting Alex H.  For these reasons, the Court grants the Petition in part and orders immediate release.

### A.   Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to

3

every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

> **B.** **Jurisdiction and Venue**

The Court finds that the Petition is properly considered in this District. The "immediate custodian" rule outlined in *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004), is a venue rule and not a jurisdictional one. The application of the "immediate custodian" rule is not automatic, and the venue for habeas petitions allow for equitable concerns such as convenience and appropriateness of the district. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)). This Court considers such factors, especially since this Court can reach the custodian by service of process. *Braden*, 410 U.S. at 495 ("So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his

4

claim, or requiring that he be released outright from custody, even if the petitioner himself is confined outside the court's jurisdiction.")

Here, the equitable factors weigh in favor of this District as the appropriate venue to adjudicate the Petition.[4] The decision to arrest and detain Alex H. was directed to personnel within this District and therefore witnesses and information about the manner of his arrest would also be found in this District. Alex H. was, for at least some time, actually detained within this District. Alex H. has lived in Minnesota since 2022 (Pet. ¶ 12), and Respondents have given no response as to the basis of his detention or what the length of his detention would be. Transferring venue would prolong both Alex H.'s detention and the adjudication of his claims. Further, venue should not be transferred simply because a petitioner was unable to file their petition prior to transfer, particularly when that transfer was not at a petitioner's request, was without notice to counsel, is wholly outside of their control, and can occur in a very short time after arrest. Transferring venue solely on the basis that a petitioner was transferred, and thereby currently detained elsewhere, could also have the effect of incentivizing forum shopping, as Respondents could quickly transfer detained individuals to a district of their choosing. Therefore, this Court concludes that this District is the appropriate forum for deciding Alex H.'s Petition.

C.    **Interpretation of Section 1225**

---

[4] Respondents were ordered to provide Petitioner's counsel with information concerning his transportation out of the District of Minnesota. (Doc. No. 5.) Neither the Declaration of David Fuller (Doc. No. 10) nor the Response (Doc. No. 11) include information regarding or establishing when Respondents transferred Alex H. out of the District of Minnesota.

Respondents rely on an incorrect interpretation of sections 1225 and 1226 to justify detention without a bond hearing. Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present

6

participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Alex H. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice

7

of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

The fact that Alex H. has requested asylum does not change the conclusion. The definition of "admission" in this context means "the lawful *entry* of the noncitizen into the United States after inspection and authorization by an immigration officer." *Barco Mercado*, 2025 WL 3295903 at *5 (quoting 8 U.S.C. § 1101(a)(13)(A) (emphasis altered)). Even by applying for asylum, a "noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States," because the "entry, whether lawful or unlawful, occurred years ago." *Id.* (emphasis in original). Other courts have reached this same conclusion under similar facts. *E.g.*, *Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *4 (S.D. Ind. Nov. 17, 2025) (finding it was "strong evidence" that the federal government earlier released a noncitizen on her own recognizance under section 1226 and rejecting Respondents' argument that her asylum application shows that she "is plainly seeking admission to the United States"); *Mayamu K. v. Bondi*, File No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *4, 8 (D. Minn. Oct. 20, 2025) (concluding that despite a pending asylum application, the petitioner's previous Order of Release on Recognizance under section 1226 precludes detention under section 1225).

Therefore, the Court concludes that Alex H.'s detention is governed by section 1226(a), and he is not subject to section 1225(b).

D.   **Remaining Independent Grounds for Relief**

Moreover, the Court also grants the Petition and orders release for another independent reason. Because section 1226(a) applies, a warrant was a prerequisite to Alex H.'s detention. *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). The Petition alleges that Alex H.'s arrest was warrantless (Pet. ¶¶ 14, 51), and Respondents have not presented evidence to the contrary. Consequently, on this independent basis, the Court grants the Petition and orders Alex H.'s immediate release.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1. Respondents are ORDERED to release Petitioner Alex H. from custody <u>immediately</u> in Minnesota without conditions, and in any event on or before <u>4:00 p.m. CT on February 12, 2026</u>. Respondents are further ordered to provide advanced notice to Petitioner's Counsel of the time and location of the release.

2. On or before <u>11:00 a.m. CT on February 13, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota without conditions in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 13, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention,

and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).

3. Counsel for Respondents shall also file a declaration on or before <u>11:00 a.m. CT on February 16, 2026</u>, confirming that Respondents have complied with the Court's February 9, 2026 Order (Doc. No. 5). In the event that these disclosures have not been completed, counsel's affidavit shall note what has been disclosed and what remains outstanding.

4. Alex H. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

5. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 11, 2026                             /s/ *Jeffrey M. Bryan*
                                                     Judge Jeffrey M. Bryan
                                                     United States District Court